UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

Marisol Cardenas

On behalf of Herself and
all others similarly situated,

    Plaintiffs

v.

Zignego Co., Inc.

    Defendant

Case No. 22-cv-961

---

## COMPLAINT

---

Plaintiff, by her attorneys, for her Complaint against Defendant states as follows:

1. This is an individual and proposed collective action under the Fair Labor Standards Act; as well as an individual and proposed class action under Wis. Stat. §109.03(1) and (5) and §103.455 against Zignego Co., Inc. ("Zignego") to recover overtime wages that were unpaid because (a) Zignego failed to include in the regular rate fringe benefit contributions and cash fringes that it paid to its employees for their hours worked on projects covered by federal minimum wage determinations, which exceeded the difference between the hourly cash fringe payment and the hourly fringe benefit contributions; (b) Zignego failed to include in the regular rate cash fringes that it paid to its employees for their hours worked away from the jobsite that are not subject to federal minimum wage determinations; (c) Zignego failed to use the regular rate method to compute its employees' overtime pay though it neither included all appropriate compensation in computing its employees' overtime pay nor had established wage rates for each type of work performed by its employees; and (d) Defendant failed to count time spent by its employees attending mandatory meetings as hours worked when computing its employees' overtime pay, so

1

that Plaintiffs received only straight time pay for some of their hours worked over 40 during a week.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law in that the Wisconsin law claim challenge the same policies and practices as the FLSA claim.

3. This Court has personal jurisdiction over Defendant pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because it is subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendant resides in the Eastern District of Wisconsin, while most of the events at issue in this lawsuit occurred in the Eastern District of Wisconsin.

## THE PARTIES

5. Named Plaintiff Marisol Cardenas is a current dump truck driver employed by Zignego. Cardenas also performed other work for Zignego such as flagging and escorting other vehicles. Cardenas' FLSA consent form is being filed with the Court at the same time that this Complaint is filed with the Court.

6. Zignego is a construction company based out of Waukesha, Wisconsin. It primarily works on projects with federal funding, so that it must pay federally mandated minimum wages for its employees' hours worked on the jobsites of such projects.

7. Zignego is an employer within the meaning of Wis. Stat. §109.03(1). At all relevant times between August of 2019 to the present, Zignego has had annual gross volume of sales of not less than $500,000.

## FACTS

8. Plaintiff generally performed work for Zignego on projects that are covered by federal minimum wage determinations, for which she would receive cash payments equal to the wage rate listed on the applicable federal minimum wage determination, cash payments equal to the full fringe rate listed on the applicable federal minimum wage determination ("Cash Fringe"), and 401(k) contributions that are listed on her paycheck as "pens". Plaintiff's Cash Fringe payments received per hour would always exceed the per hour value of bona fide fringe benefit contributions that Zignego made on her behalf.

9. On each of her workdays that started with Plaintiff arriving at the Zignego Shop, Plaintiff received compensation from the time that she reported to the company shop to pick-up her dump truck until the time that she delivered her dump truck to its final destination for the day, whether it be the company shop or a jobsite.

10. If Plaintiff's dump truck was stored at a jobsite overnight, she would report directly to the jobsite, and would start to be paid when she arrived at the jobsite.

11. Plaintiff's time spent at the shop, her time spent driving her dump truck from the shop to either a jobsite or another first work location for the day, as well as Plaintiff's time spent driving her truck from the jobsite back to the shop at the end of the day do not constitute time worked on the jobsite, so that such work is not covered to federal minimum wage determinations pursuant to laws such as the Davis-Bacon Act and the Service Contract Act.

12. Plaintiff received cash fringes equal to the full fringe rate listed on a federal minimum wage determination for her time spent working in the shop, time spent driving her truck

from the shop to either the jobsite or other first work location for the day, and her time spent driving her truck from the jobsite back to the shop.

13. When Plaintiff worked more than 40 hours during a week, she received overtime pay equal to time and a half the federal minimum wage rate and one time the federal minimum fringe rate, so that neither Cash Fringes nor bona fide fringe benefit contributions made on her behalf are included in computing her rate of overtime pay.

14. When Plaintiff performed the exact same work on different projects, she received different rates of compensation based on the mandated federal minimum wage rate for the projects; rather than based solely upon the type of work she performed.

15. Upon information and belief, when Zignego employees worked on Wisconsin projects that are not covered by any federal minimum wage requirements, they received the same wage rate per hour regardless of the type of work they performed.

16. Zignego therefore did not establish, for each of its employees, a separate wage rate for each type of work that the employee may perform.

17. When Plaintiff received more than one wage rate during a week in which she worked more than 40 hours, she would receive overtime pay equal to time and a half the rate for the type of work that she performed during overtime hours, which often was lower than the amount of overtime pay she would have received had Zignego computed her overtime pay using her appropriate FLSA regular rate.

18. In both 2021 and 2022, Plaintiff attended a training session along with at least 100 other Zignego employees, for which she received compensation at $10 per hour.

19. Before each training session, Plaintiff received a notice from Zignego stating that she would be considered to have resigned her position if she did not attend the training session.

4

20. The training sessions were designed to teach Zignego employees to perform their current jobs more safely, so that Zignego can save on workers compensation premiums and expenses.

21. Plaintiff's time spent attending the training sessions were not counted when determining whether Plaintiff has worked sufficient hours to qualify for receiving overtime pay.

22. At a minimum, Plaintiff received only straight time pay for some of her hours worked over 40 per week in 2021 because Zignego failed to treat her training time as hours worked.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated of the employees of Zignego who, just like her, were subject to Zignego's uniform policies that (a) excluded both cash fringes and fringe benefit contributions that it paid for its employees' work covered by federal minimum wage determinations from the computation of its employees' overtime pay; (b) excluded from the computation of its employees' overtime pay cash fringe payments that it made to its employees for their hours worked that are not covered by federal minimum wage determinations; (c) computed overtime pay using the rate for the type of work performed during overtime hours rather than the regular rate, though it was not eligible to use the type of work method to compute its employees' overtime pay; and (d) excluded hours worked by its employees attending mandatory meetings when computing its employees' eligibility for overtime pay, resulting in the employees receiving only straight time pay for some of their hours worked over 40 for the week.

24. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiff, in that the Court

can determine on a uniform basis the legality of the overtime determination and compensation policies that Zignego equally applied to each of its employees.

## CLASS ALLEGATIONS

25. Plaintiff seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees employed by Defendant Zignego during the time period of August 22, 2020 to the present who (a) worked on projects covered by a federal minimum wage determination for which they received both fringe benefit contributions and cash fringes; (b) received cash fringes for time spent in the shop or for driving between the shop and either a jobsite or another work location; (c) received more than one wage rate for work performed during the same workweek; or (d) was paid for time spent attending company meetings.

26. The persons in the class identified above are so numerous that joinder of all members is impracticable. Since Zignego would at any time employ 100 or more employees who worked on its jobsites, and 100 or more employees would attend Zignego's annual company meetings, there are hundreds of members in proposed subclasses (a), (c), and (d). Upon information and belief Zignego has employed 50 or more hourly non-exempt drivers who received cash fringes for work performed at the shop, and/or for driving between the shop and either the jobsite or another work location; along with future drivers it may employ who would be equally affected by any orders that this Court may enter.

27. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class including whether both cash fringes and fringe benefit contributions for work on projects covered by a federal minimum wage determination can be excluded from the Wisconsin regular rate, whether cash paid to the employee for hours worked that are not covered by any federal minimum wage determinations can be excluded from the Wisconsin regular rate, whether Zignego

must use the regular rate to compute its employees' overtime compensation, and whether the employees' time spent attending mandatory training must count as hours worked.

28. Plaintiff's claims are typical of those of the Class in that she, just like each member of the proposed subclasses, only received overtime wages equal to 1.5 times the wage for the type of work that she performed during overtime hours; and had her paid time attending training discounted as hours worked when computing her eligibility for overtime pay.

29. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in wage and hour litigation related to overtime pay and training time. There is also no antagonism between Named Plaintiff and other class members in that Zignego can equally modify its employee compensation policies to avoid future liability whether or not it also pays back overtime wages to its employees.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Damages sustained by class members pale in comparison to the costs of litigating their individual claims; while damages can largely be computed by applying uniform formulas to Zignego's own records; or alternatively by relying upon estimates to make up for Zignego's inadequate recordkeeping. Litigation on a class wide basis is also superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the applicability and interpretation of the relevant statutes.

### COUNT I. CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.

31. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-30 of the Complaint.

7

32. 29 U.S.C. §207(e) rather than either the Davis-Bacon Act or any other federal minimum wage statute governs how overtime pay should be computed on compensation the Plaintiff received for her hours worked that are not subject to federal minimum wage determinations.

33. All cash payments that Plaintiff received for her performance of work that is not covered by any federal minimum wage determinations, whether Zignego characterize the cash payments as wages or cash fringes, constitute remuneration for employment that do not fall within any of the exceptions listed in §207(e).

34. All cash fringe payments that Plaintiff received for her performance of work that is not covered by any federal minimum wage determinations therefore must be included when computing her regular rate.

35. When Plaintiff performed work that was covered by federal minimum wage determinations, her total package of compensation including her wage, her cash fringe, and bona fide fringe benefit contributions that Zignego made on her behalf, exceeded the minimum total package rate required by the federal minimum wage determinations.

36. Under 40 U.S.C. §3142(e), for the purpose of determining how compensation Plaintiff received for her work that is covered by federal minimum wage determinations must be used to compute her FLSA regular rate, Zignego is permitted to exclude from the regular rate computation the higher between its bona fide contributions toward fringe benefits and its payment of cash to the employee in lieu of fringe benefit contributions, but not both.

37. Zignego therefore violated the FLSA when it excluded from the regular rate computation all bona fide fringe benefit contributions and all cash fringe payments, rather than the amount by which its Cash Fringe payments exceeded its bona fide fringe benefit contributions.

8

38. Because Zignego failed to include in the regular rate computation all types of compensation that must be included in the regular rate computation pursuant to 29 U.S.C. §207(e), it is not eligible to use the §207(g)(2) rate for the type of work performed method to compute its employees' overtime pay.

39. Because Zignego does not have separate established rates for each type of work performed by any of its employees, it is ineligible to use the §207(g)(2) method to compute its employees' overtime pay for this reason as well.

40. Zignego therefore violated the FLSA when it paid to its employees overtime pay computed using the rate for the type of work method, which was lower than the amount of overtime pay the employees should have received, had their overtime pay been computed using the proper regular rate method.

41. Because Zignego required its employees to attend paid training, and because the training primarily benefited Zignego by allowing it to emphasize worker safety in the employees' existing jobs to reduce its workers compensation expenses, the paid training must count as hours worked.

42. Zignego therefore violated the FLSA when it failed to count its employees' time spent attending paid training as hours worked when computing their eligibility for overtime pay.

43. Because Zignego does not have any legitimate justifications for its violations of the FLSA, and because upon information and belief Zignego adopted its systems of employee compensation without making any reasonable investigation as to the FLSA's requirements, Plaintiffs are entitled to 100% liquidated damages on all overtime wages owed to them, along with the application of a three years statute of limitations.

44. Plaintiff is additionally entitled to his reasonable attorneys' fees incurred in prosecuting this first cause of action.

## COUNT II: CLAIM FOR UNPAID WAGES BROUGHT PURSUANT TO §109.03(5).

45. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-44 of the Complaint.

46. Because DWD §274.03 requires employers to compute its employees' overtime pay using the regular rate, thereby adopting the FLSA's definition of the regular rate, Plaintiff's cash fringes received for work that is not covered by any federal minimum wage determinations, along with Plaintiff's cash fringes and fringe benefit contributions received on work covered by federal minimum wage determinations that exceeded the difference between the cash fringe and fringe benefit contributions, must be included in the Wisconsin regular rate for the same reason(s) that they must be included in the FLSA regular rate.

47. Because DWD §274.03 requires employers to use the regular rate to compute their employees' overtime pay, and because requiring Zignego to use the regular rate method to compute its employees' overtime pay does not violate the FLSA, Zienego violated Wisconsin law when it paid to Plaintiff, when she received more than one wage rate during the same week, overtime pay that is lower than time and a half the regular rate for her overtime hours worked.

48. Because Plaintiff's time spent attending mandatory training must count as hours worked under Wisconsin law, Zignego violated Wisconsin law when it excluded paid training time when computing Plaintiff's eligibility for overtime pay, resulting in Plaintiff receiving only straight time pay for some of her hours worked over 40 during the workweek.

49. Wis. Stat. §109.03(1) entitles Plaintiff to all overtime pay that is required by DWD §274.03 yet she did not timely receive, so that Plaintiff is authorized by Wis. Stat. §109.03(5) to maintain a lawsuit against Zignego for the unpaid overtime wages.

50. Plaintiff is entitled to recover, in addition to overtime wages owed to her, 50% of said owed overtime wages as liquidated damages, plus her reasonable costs including actual attorneys' fees incurred in prosecuting her claims against Zignego.

WHEREFORE, Plaintiff respectfully request the Court to enter an order that:

a. Finds that Zignego is liable to her, along with all persons who timely join the collective action, all overtime wages owed to them under the FLSA, plus an equal amount as liquidated damages, plus her actual market value attorneys' fees and costs incurred in prosecuting this claim;

b. Finds that Zignego is liable to her, along with all persons who do not timely exclude themselves from the proposed class action, all overtime wages owed to them under Wisconsin law, plus 50 percent of the owed wages as liquidated damages, plus her actual market value attorneys' fees and costs incurred in prosecuting this claim;

c. Enjoins Zignego from excluding cash fringes, which are paid on its present and future employees' hours worked that are not covered by federal minimum wage determinations, from the regular rate used to compute their overtime pay; and

d. Grants to her such further relief as the Court deems just and proper.

Dated this 22nd day of August, 2022.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffst
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Marisol Cardenas, hereby consents to participate in the lawsuit against The Zignego Company Inc. along with its owners and managing agents ("Employer") under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me all overtime pay required by the Fair Labor Standards Act; so that I am consenting to join in a lawsuit for unpaid minimum wages, overtime wages, attorneys' fees and costs against Employer.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 8/19/22

Signed: *[signature]*