MARISOL CARDENAS,

        Plaintiff,

  v.

ZIGNEGO CO., INC.,

        Defendant.

Case No. 22-cv-961-pp

**ORDER APPROVING PARTIES' STIPULATION FOR CONDITIONAL CLASS CERTIFICATION (DKT. NO. 27) AND AUTHORIZING NOTICE UNDER 29 U.S.C. §216(b) (DKT. NO. 27-1)**

On August 22, 2022, the plaintiff filed an individual and proposed collective action under the Fair Labor Standards Act. Dkt. No. 1. On February 17, 2023, the plaintiff filed a motion for conditional certification, seeking leave to send notice to all current and former hourly paid employees who worked for the defendant on or after February 17, 2020. Dkt. No. 21. The plaintiff asserts that four of her FLSA claims can be resolved on a collective basis. See Dkt. No. 22 at 1–2. On March 24, 2023, the parties filed a stipulation for conditional certification of the collective action under 28 U.S.C. §216(b). Dkt. No. 27.

The FLSA permits collective action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). "A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective

1

action members are bound under § 216(b) only if they opt in to the action by providing their written consent." Franks v. MKM Oil, Inc., No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012) (citing Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 976 (7th Cir. 2011)). Courts in this circuit "generally employ a two-phase inquiry in determining who is similarly situated and, thus, entitled to notice." Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011). Phase one is conditional certification. "[T]he court will allow notice to be sent if the plaintiff can make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. (citing Adair v. Wis. Bell, Inc., No. 08-C-280, 2008 WL 4224360, at *3 (E.D. Wis. Sept. 11, 2008)). Second, usually after discovery, the defendant files a motion for decertification and "asks the court to determine whether the opt-ins are in fact similarly situated." Adair, 2008 WL 4224360, at *3.

The parties indicate that they have conferred in good faith and have agreed to an order conditionally certifying the case as a collective action under the FLSA. Dkt. No. 27 at ¶1. The parties stipulate that the plaintiff's February 17, 2023 motion for conditional certification made the requisite "modest showing" that the plaintiff "may be similarly situated to one or more other Zignego Co. Inc. . . . non-office, hourly employees who worked for Zignego on one or more jobsites on or after February 17, 2020 with respect to each of the four alleged common practices for which" the plaintiff sought conditional

certification. Id. at ¶2. The stipulation applies only to the first step of the FLSA collective action process. Id. at ¶1.

The court **APPROVES** the parties' stipulation for conditional certification. Dkt. No. 27.

The court **ORDERS** that the following class is conditionally certified under 29 U.S.C. §216(b):

> All non-office, hourly employees who worked for Zignego Company on one or more jobsites on or after February 17, 2020.

Dkt. Nos. 27 at ¶2; 27-1 at 1.

The court **APPROVES** the notice of pendency of lawsuit, dkt. no. 27-1, and the consent to opt-in form, dkt. no. 27-2.

The court **ORDERS** that:

1. Within five (5) days of this order, the defendant must provide to the plaintiff the first name, last name, dates of employment and last known address of all non-office, hourly employees who worked for the defendant on one or more jobsites on or after February 17, 2020.

2. Within ten (10) days of receiving this information from the defendant, the plaintiff must mail the agreed-upon notice, dkt. no. 27-1, and opt-in form, dkt. no. 27-2, to class members. Signed opt-in forms postmarked within forty-five (45) days after the mailing date will be considered timely, unless the court excuses a late mailing.

3. The plaintiff agrees to waive her right to seek conditional certification as to all claims that currently are included in the complaint, and

for which she has not sought conditional certification in her motion filed on February 17, 2023.

4. By stipulating to conditional certification of the collective action, the defendant does not agree that it engaged in any unlawful practice, does not waive any defenses to the plaintiff's claims and does not waive or in any way compromise its right to seek decertification of the conditionally certified class at the close of discovery.

Dated in Milwaukee, Wisconsin this 16th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**