UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARISOL CARDENAS,

        Plaintiff,

  v.

ZIGNEGO CO., INC.,

        Defendant.

Case No. 22-cv-961-pp

---

**ORDER GRANTING JOINT MOTION FOR FINAL SETTLEMENT APPROVAL (DKT. NO. 79), GRANTING PETITION FOR FEES AND INCENTIVE AWARD (DKT. NO. 82) AND DISMISSING CASE**

---

On August 22, 2022, the plaintiff filed a collective and class action on behalf of herself and similarly situated current and former hourly employees and truck drivers working for the defendant. Dkt. No. 1. The plaintiff amended her complaint twice—once in December 2022 and the second time in December 2023 (with leave of court). Dkt. Nos. 14, 48. According to the second amended complaint, the defendant : (1) violated the FLSA by excluding H&W pay when compensating the plaintiff's FLSA regular rates;[1] (2) failing to pay time-and-a-half overtime for work on non-prevailing wage projects; (3) failing to count time

---

[1] According to the second amended complaint, the defendant "designated the portion of the case wage [paid to the plaintiff] equal to the wage rate shown on the federal minimum wage determination as 'Reg', and the portion of the cash wage equal to the difference between fringe rate shown on the federal minimum wage determination and the hourly value of fringe benefits contributions paid by or costs set aside by [the defendant] as 'H&W pay.'" Dkt. No. 48 at ¶8.

1

spent attending training as hours worked and (4) failing to compensate for time spent attending mandated, post-accident drug testing. Dkt. No. 48 at ¶1.

In December 2024, the court preliminarily approved the parties' settlement and certified two classes: a collective class under the FLSA and a Rule 23 class under Wisconsin's Wage Payment and Collection Laws. Dkt. Nos. 28 at 3, 76 at 2. The parties since have filed a joint motion for settlement approval. Dkt. No. 79. The court scheduled a hearing for April 23, 2025 to determine whether the court should approve the settlement agreement as fair, reasonable and adequate. Dkt. No. 76 at 3-4. Having conducted that hearing, the court now approves the joint motion for settlement approval, the petition for fees and costs and the request for approval of the proposed incentive award.

## I. Joint Motion for Settlement Approval (Dkt. No. 79)

The Rule 23 class action settlement requires judicial approval and a hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representative and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

2

Id. The considerations in the rule overlap with the factors articulated by the Seventh Circuit:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

### A. Adequacy of Representation – Rule 23(e)(2)(A)

The court previously appointed Marisol Cardenas as representative of the collective and Rule 23 classes. Dkt. No. 76 at 2. The court conditionally certified the following FLSA collective class:

> All non-office, hourly employees who worked for Zignego Company on one or more jobsites on or after February 17, 2020.

Dkt. No. 28 at 3. The court preliminarily certified the following Rule 23 class:

> All hourly employees who received both H & W pay and overtime pay for at least one hour worked between August 22, 2020 and February 20, 2024.

Dkt. No. 76 at 2. The court appointed Cardenas to serve as the representative for the certified collective class, and it is not aware of any conflicting interests between Cardenas and the other class members. See Dkt. No. 74 at ¶5 (declaration of class counsel attesting to the absence of any conflict of interest). There is no indication on the record that class counsel—Yingtao Ho of The Previant Law Firm S.C.—has not adequately represented the class during

3

litigation. With respect to the first factor, the court is satisfied that the class is adequately represented.

> B. <u>Arm's-Length Negotiations and Non-Collusiveness of Settlement Process – Rule 23(e)(2)(B) and the Seventh Circuit's First Factor</u>

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." <u>Wong</u>, 773 F.3d at 863. The brief in support of the joint motion for final settlement approval did not separately address the Rule 23/Seventh Circuit factors; instead, it stated that "[t]he same reasons for granting the preliminary approval to the Agreement as fair and equitable also support granting final approval to the Agreement . . . ." Dkt. No. 80 at 2.

In the joint motion for preliminary approval of the agreement, the parties identified genuine disputes about liability: whether the defendant failed to (1) include H&W pay in the computation of overtime pay, (2) include hours spent attending training as hours worked when determining eligibility for overtime pay and (3) pay for time spent attending post-accident drug testing. Dkt. No. 73 at 1-2. The case had been pending for over two years when the parties filed their motion for preliminary approval of the settlement agreement. During that time, the parties engaged in discovery and the parties twice engaged in mediation with a magistrate judge. Dkt. Nos. 56, 71. The court is satisfied that the parties negotiated at arm's length and in good faith, balancing the strength of the plaintiff's case on the merits against the amount offered in settlement. This factor also weighs in favor of approving the settlement.

4

C.   Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors

When considering the adequacy of relief, the court takes into consideration (1) the cost, risks and delay of trial and appeal; (2) the effectiveness of the proposed method of distribution; (3) the terms of any proposed award and (4) any agreement required to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. Wong, 773 F.3d at 863.

The defendant assisted class counsel in computing the payouts for collective and class members by giving class counsel the number of overtime hours worked by each collective and class member between August 22, 2020 and February 20, 2024 on both "Fed Jobs" and "non-Fed Jobs." Dkt. No. 80 at 4. Someone combined the two sets of hours into one spreadsheet to compute gross and net payouts for collective and class members. Id. The motion for final settlement approval explains how the parties computed the payouts. Id. at 4-5.

The class counsel computed the gross payouts of collective and class members as the total of four amounts: (1) "wages," including $2.50 for each overtime hour worked on "Fed Jobs" and $8.63 on "Non-Fed Jobs"; (2) "Training OT," the additional mount of overtime pay each member would have received had the time been counted as hours worked; (3) "Drug Test," the additional straight-time hourly pay for Cardenas only for time spent on post-accident drug tests and (4) "Liquidated Damages," $8.63 for each overtime hour worked on "Non-Fed Jobs" plus the amount of Training OT plus one-half of the

5

Drug Test amount for collective members and one quarter of $8.63 for each overtime hour on "Fed Jobs." Id. Class counsel computed the total amount of the gross payout for all collective and class members other than Cardenas as $461,927.88, and calculated that if the court approved the requested attorneys' fees, costs and incentive awards, the net amount payable to all collective and class members other than Cardenas would be $341,115.32. Id. at 5. The net payout for each member other than Cardenas is the member's gross payout amount multiplied by $341,115.32, then divided by $461,927.88. Id.

Class counsel divided the net payouts for each member between wages and non-wages:

> For all collective and class members other than Cardenas, the computed amount of liquidated damages were treated as non-wages, while the full Net Payout other than liquidated damages were treated as wages. . . . For Cardenas, the total amount of Wages, Training OT and "Drug Test" is $785.24, while liquidated damages are $328.99. . . . The non-wage check for Cardenas therefore is $9,214.76, including both liquidated damages and the proposed incentive award of $8,885.77. . . .

Id.

        1.    *The Costs, Risks and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for almost three years. The parties conducted substantial discovery and exchanged pre-mediation information during the litigation. Id. at 8. The defendant also provided wage data and additional compensation information concerning the members to assist class counsel in making the computations. Id. at 4. The parties acknowledge that if they had not settled, the litigation would have continued for a "substantial"

6

amount of time with no certainty as to the outcome, that the case would have required additional time, effort, expense and risk and that the terms of the settlement agreement are in their best interests. Dkt. Nos. 80 at 8, 72-1 at 2.

        2.     *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

Class counsel mailed the notice of settlement to 230 class members (which did not include the named plaintiff, Cardenas). Dkt. No. 80 at 1. Counsel successfully mailed notice to 225 of the 230 class members; five mailed notices came back as undeliverable despite counsel's attempt to mail to forwarding addresses. Id. at 4. By April 4, 2025, only one potential class member had opted out of the agreement. Id. at 4. The agreement explains the method of distributing the settlement payments to the class members—the settlement checks payable to the class counsel and Cardenas will be delivered to the class counsel; the settlement checks payable to collective and class members will be mailed to them directly. Dkt. No. 72-1 at 10. The defendant will make all settlement payments within fifteen (15) business days of the latest of the following dates: (i) the date of the court's entry of a final order approving settlement and dismissing the case with prejudice, if no timely objections were filed to the settlement agreement; (ii) the date of the expiration of the deadline to appeal the court's entry of a final order approving settlement, if one or more timely objections were filed against the settlement agreement and no appeal was filed; or (iii) the date of the resolution of any appeals against the court's final order approving settlement, if any timely appeals were filed. Id. All

7

settlement checks will expire within sixty calendar days of mailing. Id. at 11. If the defendant is notified that a check was lost or missing before it expired, the defendant will issue a new replacement check, the mailing date of which will start a new period of sixty days to cash the check. Id. The replacement checks will only be issued once. Id.

The court concludes that the parties have proposed an effective method of distribution as demonstrated by the settlement agreement.

### 3. *The Terms of any Proposed Award of Attorney's Fees and Incentive Award, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

Class counsel has asked the court to award counsel $176,417 in attorney's fees and costs. Dkt. No. 82 at 1. Counsel filed an affidavit averring that class counsel spent a total of approximately 211 hours on this matter. Dkt. No. 84 at ¶3. The court added up all the payments listed by the parties in the settlement agreement; the total came to $529,522.53. Dkt. No. 72-1 at ¶4. Class counsel also states that the court should use a "market-based approach" "to set the percentage of the common fund that should be awarded as reasonable attorneys' fees." Dkt. No. 83 at 5. He argues that the retainer agreement between his law firm and the named plaintiff entitles the law firm to one-third of the amount recovered if there is a recovery but specifies that the firm receives nothing if there is no recovery. Id. at 5-6. He maintains that the retainer agreement is "consistent with the area standard in Southeast Wisconsin, which sets attorneys' fees equal to 1/3 of the maximum class recovery achieved through settlement as the market rate between willing

8

buyers and sellers for plaintiff side class action wage and hour litigation." Id. at 6. Class counsel contends that, although the rate for his legal services should be more than one-third of the common fund given (1) the risks of non-payment, (2) the quality of the firm's performance, (3) the amount of work necessary to resolve the litigation and (4) the stakes of the case, he is petitioning for only $176,417, less than one-third of the $529,533.53 common fund after reimbursement for the $673.50 in costs that he had advanced. Id. at 5-7.

Class counsel also asks the court to approve a payment of $8,885.77 to Cardenas as incentive award. Dkt. No. 82 at 1. He filed an affidavit attesting that services that the named plaintiff and class representative Marisol Cardenas provided to the collective and class members include (1) contacting counsel and serving as the sole named plaintiff throughout this litigation, (2) editing and approving a declaration that was filed with the court in support of the motion for conditional certification and (3) representing collective and class members at two separate mediation sessions. Dkt. No. 84 at ¶6. In his supporting brief, counsel argues that incentive awards serve the important purpose of compensating the class representative for the risks that she assumed to pay the costs of litigation and for any time spent participating in the litigation. Dkt. No. 83 at 9. Counsel contends that "larger incentive awards are appropriate where the class representatives' work produced a larger class recovery." Id. at 10. He calculates that Cardenas's settlement recovery will be $1,114.23; he says that because the parties agreed in the settlement agreement that the total amount Cardenas would receive is $10,000, the court should

9

approve an incentive award in the amount of the balance of $8,885.77. Id. He argues that the incentive award is less than two percent of the common fund of over $529,000, maintaining that this is proportionate and appropriate for the services Cardenas has rendered to collective and class members. Id. at 10-11.

The settlement agreement provides that the attorney's fees (and the service award, if the court approves it) would be distributed at the same time, in the same way, as the payments to the class and collective members. Dkt. No. 72-1 at 10-11.

    4.    *Any Agreement Required to Be Identified Under Rule 23(e)(3)— Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the settlement agreement itself that must be considered under Rule 23(e)(3).

This factor weighs in favor of approving the agreement.

D.    <u>Equitable Treatment of Class Members—Rule 23(e)(2)(D)</u>

The court discussed above how the parties computed the payouts to class and collective members. Class counsel has represented that the parties computed the gross amounts payable to each collective and class member as precisely as possible by using the same formulas to compute both the amount of the defendant's payments to the settlement fund and the gross amount that each collective and class member is entitled to receive out of the defendant's payments to the Settlement Fund. Dkt. No. 80 at 9. This factor weighs in favor of approving the agreement.

E. <u>The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors</u>

The court is not aware of any opposition to the settlement. Class counsel attests that only one individual opted out of the settlement agreement and no one has objected to its terms. Dkt. No. 80 at 2. This factor weighs in favor of approving the agreement.

F. <u>The Opinion of Competent Counsel—the Seventh Circuit's Fifth Factor</u>

Counsel for both parties agree that the settlement agreement is fair, reasonable and adequate. Dkt. Nos. 72-1 at 2, 80 at 2. Attorneys Yingtao Ho and Elizabeth Odian state in their joint motion for preliminary settlement approval and memorandum of law in support of joint motion for final settlement approval that the settlement agreement is fair, reasonable and adequate. <u>Id.</u> This factor, too, weighs in favor of the settlement.

G. <u>Final Approval</u>

After reviewing the agreement, hearing from counsel at the April 23, 2025 fairness hearing and considering the above factors, the court will grant the joint motion for approval of settlement.

**II. The Plaintiff's Motion for Approval of Incentive Award (Dkt. No. 82)**

The plaintiff requests a service award of $8,885.77. Dkt. No. 82. "In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the

amount of time and effort the plaintiffs expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998).

The named plaintiff argues that she has performed numerous services for the collective and class members including (1) serving as the sole named plaintiff throughout this litigation, (2) editing and approving a declaration that was filed with the court in support of the motion for conditional certification and (3) representing collective and class members at two separate mediation sessions. Dkt. Nos. 83 at 10, 84 at 3. The incentive award appears to be fair and reasonable in comparison to other awards approved in this district. Dkt. No. 83 at 10-11. Class counsel asserts that larger incentive awards are appropriate where the named plaintiff's work produced a larger class recovery, citing Johnson v. National Technologies, Case No. 18-cv-462, Dkt. No. 57 (E.D. Wis. July 12, 2019) ($8,500 out of over $200,000) and Collins v. Kohl's Department Store Inc., Case No. 18-cv-962, Dkt. No. 189 (E.D. Wis. March 3, 2021) ($20,000 out of $2.9 million). Dkt. No. 83 at 10. He maintains that Cardenas's award is less than two percent of the common fund, which he asserts is smaller than the four percent awarded in Johnson and is modest compared to the award approved in Collins.

The court will grant the plaintiff's unopposed motion for approval of the $8,885.77 incentive award.

### III. The Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 82)

The class counsel asks the court to approve attorney's fees and costs in the total amount of $176,417. Dkt. No. 82.

12

Under the FLSA, plaintiff may seek reimbursement for fees and costs. 29 U.S.C. §216(b). In addition, successful litigants may seek attorney's fees and costs under Wis. Stat. §109.03(6). The Seventh Circuit urges the courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig., 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either the percentage or the lodestar method. Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 566 (7th Cir. 1994).

Class counsel has calculated fees—one-third of the amount recovered for the client—using the market rate method based on the terms of the retainer agreement, which he maintains is consistent with the area standard in Southeast Wisconsin, while considering (1) the risk of non-payment, (2) the quality of the attorney's performance, (3) the amount of work necessary to resolve the litigation and (4) the stakes of the case. Dkt. No. 83 at 5-7.

Class counsel seeks an award of $176,417 in attorney's fees and costs—a little less than a third of the gross settlement amount. Dkt. No. 82 at 1. He states that his firm spent approximately 211 hours on this matter. Dkt. No. 83 at 3. The time spent on the case and the terms of the retainer agreement appear reasonable. Reviewing the docket, the court observes that class counsel filed numerous documents over the course of the litigation, including (1) the complaint and two amended complaints; (2) a motion to certify the class; (3) several other motions, declarations, stipulations, letters and notices and (4) briefs in support of the motions. Class counsel also attended two mediation

13

sessions, dkt. no. 84 at ¶5, and the April 23, 2025 fairness hearing, dkt. no. 76. Class counsel attests that he spent time (1) interviewing Cardenas, (2) conducting legal research to determine claims that can be advanced on her behalf against the defendant, (3) drafting and serving the complaint, (4) serving four sets of written discovery requests on the defendant, (5) amending the complaint twice, (6) successfully moving for conditional certification, (7) successfully moving for Rule 23 class certification, (8) negotiating a settlement at mediation and (9) filing a motion to enforce the settlement agreement that resulted in a second mediation that increased the size of the settlement, (10) seeking preliminary approval for the settlement agreement and (11) filing a joint motion for final settlement approval with the court. Dkt. Nos. 83 at 3-4, 84 at ¶¶4-5.

The court will approve the unopposed award of fees and costs.

### IV. Conclusion

The court **GRANTS** the joint motion for approval of settlement. Dkt. No. 79. The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **APPROVES** the settlement payments to the settlement class. The date of this order constitutes the effective date of the parties' settlement agreement, unless timely objections or appeals are filed. Within fifteen (15) business days of the effective date, the settlement checks payable to the class counsel and class representative must be delivered to the class counsel and the settlement checks payable to collective and class members must be mailed to

14

them directly. The settlement class members each have sixty (60) days to cash their individual checks. If the checks are not cashed in that time, the amounts revert to the defendant. Any settlement class member who cashes their settlement check is bound by the settlement.

The court **GRANTS** the plaintiff's unopposed motion for approval of the plaintiff's incentive award. Dkt. No. 82. The court **APPROVES** the requested payment in the amount of $8,885.77 to the representative plaintiff.

The court **GRANTS** the class counsel's motion for approval of attorney's fees and costs. Id. The court **APPROVES** the requested attorney's fees and costs in the amount of $176,417.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 1st day of May, 2025.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**

15

Case 2:22-cv-00961-PP   Filed 05/01/25   Page 15 of 15   Document 87